## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| MICHAEL CRAIG WORSHAM | * | |
| Petitioner - Appellant | * | Appeal #13-1074 |
| v. | * | Petition for Rehearing |
| COMMISSIONER OF INTERNAL REVENUE | * | and |
| Respondent - Appellee | * | Petition for En Banc Rehearing |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### APPELLANT'S PETITION FOR REHEARING AND FOR REHEARING EN BANC

Michael Craig Worsham, Petitioner and Appellant, petitions pursuant to Federal Rules of Appellate Procedure 35 and 40, and Local Rules 35 and 40, files his Petition for Rehearing and for a Rehearing En Banc of the Court's June 27, 2013 unpublished panel decision in this appeal, which affirmed a decision of the United States Tax Court (Tax Ct. case #031151-09).

### Introduction and Statement of Purpose

Petitioner provides this Statement of Purpose pursuant to Local Rule 40(b). Petition submits that in his judgment that the panel which decided this appeal without oral argument: (1) overlooked a material factual or legal matter in the unpublished decision, and (2) this proceeding involves one or more questions of exceptional importance.

The main (not only) overlooked factual or legal matter was that the Court's panel decision was internally inconsistent. While the panel did not find Petitioner's arguments regarding the income tax to be frivolous, and denied the IRS's motion for sanctions, the panel nonetheless affirmed the Tax Court's decision which depended on its (the Tax Court's) finding that the Petitioner made frivolous arguments, resulting in a substantial penalty (addition to tax) being affirmed.

The exceptional importance of the administration and constitutionality of the federal income tax should be self-evident, as it effects tens of millions of Americans in a significant way, recurs every year for those Americans, and may be the only interaction that million of Americans have with

the federal government. The panel's decision was unpublished, and leaves unresolved, at least in a published opinion which would be binding precedent, the constitutionality of the federal income tax as applied to many or most Americans such as Petitioner.

## PETITION ARGUMENT

**I.     The Panel overlooked a material factual or legal matter in the unpublished decision.**

The panel listed the purported indicia of fraud that the Tax Court found. These were that: (1) "Worsham had filed tax returns in years preceding 2006, demonstrating his awareness of the filing requirement; (2) Worsham's tax liability increased in 2006 because his law practice became more profitable; (3) Worsham raised numerous frivolous arguments; and (4) Worsham is highly educated and has a law degree and thus should have been able to identify frivolous arguments." June 27, 2013 decision at page 3.

Petitioner Worsham submits that none of these four indicia constitute deception much less fraud in the traditional sense, or in cases other than a tax case, and that the Tax Court and this Court on appeal should not establish or treat conduct that is not fraudulent or even deceptive differently in tax cases. Worsham submits further that the first two purported indicia of fraud (1) and (2) could apply to virtually any person, including even members of the panel, and that the latter two findings (3) and (4) are inconsistent with the panel's decision generally which did not find that a frivolous argument was made, and thus effectively overlooked the fact that these purported indicia of fraud were actually absent from Petitioner's conduct.

Petitioner will discuss each indicia in turn, after first defining *fraud* according to Websters[1]:

> a : deceit, trickery; specifically : intentional perversion of truth in order to induce another to part with something of value or to surrender a legal right
>
> b : an act of deceiving or misrepresenting : trick

---

[1] http://www.merriam-webster.com/dictionary/fraud, visited on August 11, 2013.

2

The first fraud indicia is that Worsham had filed tax returns before 2006. Upholding this factor as supporting fraud would mean that anyone who previously filed a tax return has engaged in fraud. This would apply to even the panel members themselves. It essentially turns the act of challenging the tax laws, or their administration, into a fraudulent act or indicia of fraud, unless one's challenge is done this the very first time in their life when the tax laws might or do apply, an unlikely scenario for a typical twenty- something year old person, given the complexity of the tax laws and regulations and court opinions. Worsham's Brief at pages 18-21 pointed out the very wide split in federal appellate authority which does not even have a consensus on the basic issue of whether the federal income tax is a direct or indirect tax, the two tax types recognized in the U.S. Constitution.
Worsham submits that having filed taxes previously can not and should be recognized by this Court as an indicia of fraud, which requires more than just awareness.

There is no deceit, trickery or misrepresentation in filing tax returns lawfully, and is the act which the IRS is actually seeking. Had a false, deceptive or misleading tax return actually been filed, <u>that</u> conduct could be seen as an indicia of fraud, but no such conduct occurred here. Upholding this fraud finding would also turn silence - not filing any return or document at all - into fraud or an indicia of fraud. This is not logical.

The second fraud indicia is that Worsham's tax liability increased in 2006 because his law practice became more profitable. This turns plain success into fraud or an indicia of fraud. There is no deceit, trickery or misrepresentation in being more profitable. Upholding this second fraud finding would have thee effect of turning lawful success into fraud or an indicia of fraud. This is not logical, and should not be established in this Court.

The third and fourth indicia of fraud are linked by the "frivolous argument" factor: that (3)

3

Worsham raised numerous frivolous arguments; and (4) Worsham is highly educated and has a law degree and thus should have been able to identify frivolous arguments. The panel did not find that Worsham's arguments were frivolous, only that they were "unpersuasive," and that one argument regarding the basis value of labor was found to be meritless by other courts. June 27, 2013 decision at p. 2. This being so, this contradicts the panel's upholding as not erroneous the Tax Court's basis for a finding an indicia of fraud in Worsham's purportedly 'frivolous' arguments. If the arguments were not frivolous, then the Tax Court's finding was legally wrong, and that indicia of fraud (numbered as (3) by the panel) is absent. Similarly, if there were no frivolous arguments, then regardless of Worsham's education or law degree, he could not have recognized that his non-frivolous arguments were frivolous.

Criteria or factor #4 is also problematical, as it would essentially have the effect of pushing and making fraudulent or an indicia of fraud the goal of being educated. This relates back to criteria #1, in that one is either too young and uneducated to consider questioning and challenging the tax laws or their administration, or is too educated to know better, at least according to the Tax Court. The Tax Court ruling leaves no 'sweet spot' where one has not yet filed a return, but is educated enough to question the tax laws, without being found to have done so fraudulently. The result is that literally no one can be in the Tax Court without at least one of that Court's indicias of fraud being present, even though the person did nothing fraudulent whatsoever.

The one other factor cited by the Tax Court and panel was Worsham's filing a Notice of Dismissal, which the Tax Court turned into and considered as a Motion to Dismiss, and then denied. This one page Notice of Dismissal is at JA page 18, and consists of a short paragraph that contains nothing even remotely misleading, deceptive or fraudulent. Further, the Notice was filed when trial was then pending in less than a week, Worsham's preferred counsel was not available, and the IRS had opposed a change in trial date. It was entirely reasonable and certainly not fraudulent for

4

Worsham to dismiss or move to dismiss his Tax Court Petition. Again, there is no fraudulent conduct present, and it appears that the panel found Worsham's arguments regarding tax liability to be in good faith, or at least not in bad faith.

The Court is aware that Worsham is a practicing attorney. The Court is not likely aware of how adverse the effect a finding of fraud is on a practicing attorney. Worsham does not suggest that the Tax Court decision and panel affirmance is any more or less incorrect because he is an attorney - it is wrong for anyone - but the effect on an attorney is in all candor, terrible. Here it is simply not justified, as discussed above. Worsham only challenged the federal income tax law for which the appellate courts are widely split, and engaged in no affirmative misrepresentation or deceit. He should not be found to have fraudulently failed to file a return, a term which itself seems like an inherent impossibility - how does one fraudulently fail to do something?

Worsham pointed out during his short Tax Court testimony, and in documents attached to his Brief and in the Joint Appendix at pages 250-253, that it was the IRS that had misrepresented the tax law and its constitutionality on its website. Worsham did not have the opportunity at oral argument, either in the Tax Court[2], or this Court, to discuss any of these points. Absent a grant of this Petition, he is likely going to be stuck forever with a fraud finding that is not justified by any common (i.e. Webster's) understanding of the word fraud, and without having ever having been able to argue the issue at a hearing in front of the Judges making the finding.

**II.    This proceeding involves one or more questions of exceptional importance.**

The panel's decision is unpublished and thus not binding precedent. That continues a problem in that opinions are either widely split - *see* Worsham's Brief a pages 18-21, or are

---

[2] Worsham testified in the Tax Court under oath, and noted that he was testifying and not making argument. The Tax Court did not have oral argument after written briefs were submitted.

5

unpublished. Worsham is not suggesting the decision here be published, but rather that a fuller vetting of the issues be done through a panel or en banc rehearing, creating an opinion whether published or unpublished, that explores and decides the constitutionality of the federal income tax. Leaving the federal income tax essentially undecided in an unpublished decision, which only stated that it was unpersuaded by the arguments of one side (Worsham), is not desirable. The federal income tax laws and their administration effect millions of persons just in this Circuit alone, year after year. This Court recognized in *Simmons v. United States*, 308 F.2d 160, 167 (4th Cir. 1962), a "necessity" to distinguish "between direct and indirect taxes" because of "the structure of the Constitution itself" which recognizes the distinction. Yet the issue remains effectively unresolved by the instant unpublished decision, as Worsham's Briefs in this Court demonstrate.

WHEREFORE the Court should grant this Petition, and either grant a Rehearing, or a Rehearing En Banc.

Respectfully submitted,

/s/ *Michael C. Worsham*
Michael C. Worsham
1916 Cosner Road
Forest Hill, Maryland 21050-2210
(410) 557-6192
mcw @ worshamlaw.com
*Petitioner-Appellant*

**CERTIFICATE OF SERVICE**

On August 11, 2013 I served a copy of this document via the Court's ECF system.

/s/
Michael C. Worsham

6